UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICROSTRATEGY SERVICES CORPORATION, a Delaware Corporation;<br><br>Plaintiff,<br><br>v.<br><br>HEB GROCERY COMPANY, LP A/K/A H.E. BUTT GROCERY COMPANY A/K/A H-E-B, L.P., a Texas Limited Partnership<br><br>Defendant. | Civ. Action No. 5:22-cv-958 |

## Complaint

Plaintiff MicroStrategy Services Corporation ("MicroStrategy"), by counsel, brings this Complaint for breach of contract against HEB Grocery Company, LP, a/k/a H.E. Butt Grocery Company, a/k/a H-E-B, L.P. ("H-E-B"), respectfully stating as follows:

**Parties**

1. Plaintiff MicroStrategy is a Delaware corporation with its principal place of business at 1850 Towers Crescent Plaza, Tysons Corner, Virginia 22182.

2. Defendant H-E-B is a Texas limited partnership with its principal place of business in San Antonio, Texas.

3. On information and belief, HEBCO GP, LLC is the sole general partner of H-E-B and HEBCO LP, LLC is the sole limited partner of H-E-B, LP, and Charles Butt is the sole controlling shareholder of H-E-B. On information and belief, all relevant entities for diversity purposes are domiciled in Texas. Charles Butt is domiciled in San Antonio, Texas.

## Jurisdiction and venue

4. This Court has jurisdiction under 28 U.S.C. § 1332 because MicroStrategy and H-E-B are citizens of different states and the amount in controversy exceeds $75,000.

5. Venue in this Court is proper under 28 U.S.C. § 1391(b)(1) and (2) because H-E-B resides in this District and a substantial part of the events or omissions giving rise to the claim occurred here.

## Factual Allegations

### I. MicroStrategy

6. Founded in 1989, MicroStrategy is a Virginia-based provider of enterprise software. Its mission is to help organizations become Intelligent Enterprises by providing powerful software solutions and expert services that empower every individual with actionable intelligence, so they can unleash the full potential of their people and investments. MicroStrategy partners with over 4,000 customers from a range of industries, as well as the public sector.

7. MicroStrategy has invested tremendous resources into the development and maintenance of its software products. Unlike other vendors, its technology has been built almost entirely organically, so every piece of the MicroStrategy ecosystem fits together seamlessly.

8. MicroStrategy licenses its software using different models with different pricing.

### II. H-E-B

9. H-E-B is a successful and privately held supermarket chain based in San Antonio, Texas, with more than 340 stores throughout Texas, as well as in northeast Mexico.

### III. H-E-B licenses MicroStrategy's products under the Governing Agreements

10. H-E-B licensed MicroStrategy's computer software products (the "Products") under a Master Software License Agreement, dated December 29, 2000 ("SLA") and subsequent

orders, including an Enterprise License Sales Order 401633, dated June 11, 2018 ("Enterprise License") (the SLA and Enterprise License together, the "Governing Agreements").

11. Section 2.1(A) of the SLA grants H-E-B a limited license to use Products it licenses from MicroStrategy under an order "for Licensee's own *internal* data processing operations and for *internal* research and development purposes" (emphasis added) and states that "Licensee shall not use the Products except as identified in this Agreement and the applicable MicroStrategy Product License Sales Order Form."

12. The 2018 Enterprise License similarly states that it is "restricted such that it is *solely to support your internal business operations*... by Named Users who are your employees or employees of HEB's contractors performing consulting services for you." (Emphasis added).

13. The 2018 Enterprise License is a three (3) year license, with a term expiring on September 27, 2022.

14. Within ten (10) days of the end of the license term, HEB is required to provide MicroStrategy with a list of the total number of distinct Named Users who accessed each product within the Enterprise License, as well as a list of Named Users who received reports or messages directly generated by MicroStrategy's Server-Distribution product, a software product designed to distribute reports.

### IV.  H-E-B breaches the Governing Agreements

15. Despite the "internal" use limitations in the Governing Agreements, it has come to MicroStrategy's attention that H-E-B is generating reports using the Products and then distributing them to thousands of H-E-B's external third-party vendors for third-party use (*i.e.*, not for "internal" H-E-B data processing operations or research and development purposes).

16. Beginning in May 2022, the parties began discussions about renewing H-E-B's Enterprise License in advance of its September expiration. H-E-B orally disclosed on several

occasions that H-E-B was sending MicroStrategy reports to H-E-B's vendors. MicroStrategy explained that such use required separate external use licensing, which H-E-B did not have as part of its Enterprise License, but which MicroStrategy offered to provide as part of the new deal. H-E-B indicated that H-E-B would consider such licensing at the right price, but they would move away from MicroStrategy if MicroStrategy conducted an audit. The parties discussed this matter during May and June of 2022, with MicroStrategy attempting to negotiate a commercial agreement for renewal. By the end of June, it became apparent that the parties would not be able to reach agreement.

17. On July 7, 2022, H-E-B's Alan Kohutek sent an email explaining H-E-B's vendor process, conceding that "a Named User who is an HEB employee extracts HEB data into Excel spreadsheets. These files are moved to a hosted server. The data is then processed to group AP vendor data to the applicable vendor." Mr. Kohutek admitted that: "HEB provides HEB data extracted from its MicroStrategy instance to its vendors via HEB's supplier portal." But Mr. Kohutek nonetheless disputed that H-E-B was out of compliance with the Governing Agreements.

18. Following Mr. Kohutek's email, MicroStrategy again attempted several times to bring H-E-B into compliance but was unsuccessful.

19. On August 2, 2022, MicroStrategy issued a Notice of Breach ("Notice") and provided a 30 day period to cure under the Governing Agreements. MicroStrategy specifically identified this breach (using the Products to generate spreadsheet reports using H-E-B data for third-party use and distributing such reports externally for third-party use—not for internal use), stated that this was a violation, and that H-E-B's conduct undermined the licensing model and deprived MicroStrategy of significant compensation by exceeding the scope of the restricted license.

4853-6199-3265.1

20. MicroStrategy's Notice provided a 30 day period to cure in accordance with the SLA and once again offered to bring H-E-B into compliance by allowing H-E-B to purchase the licenses and license rights it would need to continue to distribute reports to its thousands of external vendors at MicroStrategy's list price, and to compensate MicroStrategy for H-E-B's past noncompliance.

21. MicroStrategy's Notice stated that it could terminate H-E-B on September 2, 2022, following the expiration of the cure period, without further notice.

22. On August 22, 2022, H-E-B responded through outside counsel. H-E-B's response was disappointing because, among other extraneous and inaccurate assertions, H-E-B mischaracterized MicroStrategy's August 2, 2022 Notice of Breach as some sort of assertion that MicroStrategy owned H-E-B's proprietary data. H-E-B's response made no effort to engage MicroStrategy in any discussion to resolve the matter.

23. For the avoidance of doubt, MicroStrategy has not and does not claim rights to H-E-B's proprietary data. MicroStrategy does, however, claim the right to compensation for H-E-B's breach of the Governing Agreements by using the Products for purposes other than internal business operations, which has resulted in the use of Products for the purposes of scores (potentially thousands) of external third parties without compensation to MicroStrategy.

24. On August 29, 2022, MicroStrategy responded through outside counsel. MicroStrategy reiterated the limitations of H-E-B's license and that H-E-B breached the license by using the Products to create reports for distribution and to distribute externally to H-E-B vendors. MicroStrategy again encouraged H-E-B to reach a reasonable commercial resolution. To date, H-E-B has not responded to MicroStrategy's August 29, 2022 letter.

4853-6199-3265.1

25. H-E-B failed to cure its breach by September 1, 2022, the last day of the 30-day cure period.

26. MicroStrategy seeks damages and to enjoin H-E-B's unlawful actions.

## COUNT I
### (Breach of Contract)

27. MicroStrategy incorporates all factual allegations made above.

28. The Governing Agreements are valid, enforceable, and binding on H-E-B.

29. MicroStrategy granted H-E-B a limited license for only the express purposes, and with the limited scope, authorized in the Governing Agreements.

30. As explained above and in MicroStrategy's communications, H-E-B breached the Governing Agreements by using the Products for purposes beyond the "internal" purposes contemplated and authorized by the Governing Agreements and by failing to cure its breach after the August 2, 2022 Notice of Breach.

31. MicroStrategy has complied with any and all conditions precedent to suit.

**Prayer for Relief**

WHEREFORE, MicroStrategy prays:

A. For an order entering judgment that H-E-B has violated the terms of the Governing Agreements;

B. For an order awarding damages to MicroStrategy in an amount in excess of the jurisdictional threshold of $75,000, plus pre-judgment and post-judgment interest;

C. For an award of injunctive relief enjoining H-E-B and all others acting in concert with it from using any of MicroStrategy's Products in violation of the Governing Agreements and without a written license;

D. For an award requiring H-E-B to provide an audit and a full accounting for all use

4853-6199-3265.1

of the Products for purposes beyond those permitted by the restricted license during the term of the Governing Agreements; and

E. For such other and further relief, either at law or in equity, general or special, as this Court may deem just and appropriate.

## DEMAND FOR JURY

MicroStrategy hereby demands trial by jury.

Respectfully submitted,

**FOLEY & LARDNER LLP**

By: */s/ Geoffrey H. Bracken*
    Geoffrey H. Bracken
    State Bar No. 02809750
    gbracken@foley.com
    Vi T. Tran
    vtran@foley.com
    State Bar No. 24093274
    1000 Louisiana, Suite 2000
    Houston, Texas 77002-2099
    Telephone: (713) 276-5500
    Facsimile: (713) 276-5555

**VENABLE LLP**

*Nicholas M. DePalma (VSB No. 72886)
*(*subject to admission pro hac vice*)
8010 Towers Crescent Drive, Suite 300
Tysons, VA 22182
Tel: (703) 905-1455
Fax: (703) 821-8949
nmdepalma@venable.com

*Linda J. Zirkelbach
*(*subject to admission pro hac vice*)
600 Massachusetts Avenue, NW
Washington, D.C. 20001
Tel: (202) 344-4410
Fax: (202) 344-8300
LJZirkelbach@venable.com

*Counsel for MicroStrategy Services Corporation*

7